The opinion of the Court was delivered by
Glover, J.
This was an action of trespass to try titles to a lot of land in Sumterville. Under the seventy-second rule of Court, (Miller’s Com. 44,) Thomas J. Coghlan, claiming to be the real owner, was permitted to enter himself on the proceedings as the defendant in the suit.
The plaintiff claimed under a conveyance from the sheriff to him which recited, that the land had been levied upon and sold as the property of Bryant Kavanagh, by virtue of an execution in favor of J. Hendrix. The judgment was signed the 30th of April, 1853, and the execution was entered in the sheriff’s office on the same day.
Eor the defence it appeared, that Bryant Kavanagh had agreed to purchase the land from A. C. Spain for three hundred and fifty-one dollars; that he paid two hundred and one dollars and gave a promissory note for the balance of the purchase money, with Thomas J. Coghlan as his surety. On the 11th July, 1850, A. C. Spain conveyed the lot of land to Thomas J. Coghlan in fee,.who, on the same day, executed the following paper : “ I hereby acknowledge that the deed for five and four-tenths acres of land this day made by A. C. Spain, Esquire, was,so drawn for the purpose of securing me against any loss that might accrue by reason of my securityship of B. Kavanagh, on the note for one hundred and fifty dollars, this day given to the said A. C. Spain, as the balance of the purchase *391 money of tbe said lot of land. I also hereby undertake and promise to make such deed of conveyance of the said lot of land, as the said Bryant Kavanagh may direct, by parol, deed, or will, so soon as I may be relieved from my liability on the said note, either by payment or otherwise.” Under this contract, Bryant Kavanagh entered with his family, and is still in possession.
On the 11th September, 1851, Coghlan executed a paper, in which the agreement of the 11th July, 1850, was recited, and acknowledging that the note had, been paid by Kavanagh, and that by his direction, he, Coghlan, held the land “ as trustee in trust for the sole and separate use of Julian Kavanagh, wife of said Bryant Kavanagh, for and during her natural life, and then from and immediately after her death, to the use of the said Bryant Kavanagh, for and during his natural life; and then, from and immediately after the death of the survivor of them, the said Julian and Bryant, to the use of Elizabeth Catherine Kavanagh, Thomas Daniel Kavanagh, Mary Eleanor Kavanagh, William Bryant Kavanagh, and Michael Christopher Kavanagh, children of the said Bryant Kavanagh, as tenants in common, their heirs and assigns forever.” It was also in evidence, that Bryant Kavanagh is insolvent, and that his wife is still living.
Upon the above facts, the presiding Judge held, that the plaintiff was entitled to recover, and, under his instructions the jury found for the plaintiff the land in dispute and damages.
The defendant appealed, and moved for a new trial, on the following grounds:
1. That the proof made, showed that the legal title to the land is in Coghlan.
2. That the deed from A. C. Spain conveyed to Coghlan the legal title to the land, and it is still in him.
8. That the sheriff’s deed to the plaintiff conveyed no estate *392 or interest, because Kavanagh had none which could be levied upon and sold by the sheriff; or, at most, it conveyed only Kavanagh’s contingent interest for life under, the deed of the 11th September, 1851.
After argument in the Law Court of Appeals, the following order was made : “ This case is ordered to the Court of Errors, two Judges, O’Neall and WITHERS, requiring it. The only question to be argued and there decided is, whether the land levied on and sold by the sheriff of Sumter District, as the property of the defendant, was liable to levy and sale as his property under the fi.fa.”
Real estate, liable for the satisfaction of debts, may be made available for that purpose, either by the process of a court of law or equity — the forum in which creditors must seek their remedy will depend, generally, upon the interest or estate of the debtor. In considering the question referred to this Court, which concerns legal process alone, we will enquire,
1. What interest or estate in land may be disposed of under the writ of fieri facias ?
2. If Bryant Kavanagh had such interest or estate in the land conveyed to the plaintiff by the sheriff?
In England various judicial writs were issued to enforce the execution of judgments against real estate. At the common law a levari facias was issued to levy the profits of the land, and, afterwards, the possession of the land was transferred to the creditor under an elegit or an extent, and the debt satisfied by an application of the rents and profits. The writ of fieri facias is a common law execution by which only the goods and chattels of the defendant were subject to levy and sale. In 1732, the Statute of 5 George II., c. 7, (2 Stat. 570,) was passed, which made “ houses, lands, negroes, and other hereditaments and real estates,” within the plantations in *393 America, chargeable with debts, and subject to the like process as personal estate. In South Carolina the writ of fieri facias has since been made to conform to the provisions of this statute, and all lands or interests in real estate subject to levy and sale under legal process, may now be levied upon and disposed of by the sheriff under this writ. (D’ Urphey vs. Neilson, 4 McC. 129, note; Martin vs. Latta, 4 McC. 128, and Jones vs. Wightman, 2 Hill, 579.) The legal estate must be in the defendant, and not a mere equitable interest or trust, unless it be a trust which is made liable to execution by the Statute of Frauds.
2. Our next inquiry is, Did Kavanagh have such an estate or trust in the land as the sheriff could have disposed of under a fieri facias ?
By Spain’s deed, which declares no uses, Ooghlan was seised in fee, and unless his acknowledgment, made contémporaneously with his deed, and the subsequent declarations of trust have conferred on Kavanagh either a legal estate • or a clear and simple trust, the land was not the subject of levy and sale under a fieri facias. The paper dated 11th July, 1850, does not operate as a conveyance, nor does Kavanagh take a legal estate under it. It is the evidence of his right to direct a conveyance, contingent upon Coghlan’s discharge from his liability as a surety on the note, a.nd on such a right the lien of a judgment does not attach, nor is it liable to levy and sale under execution. Even after he had paid the purchase money, no use resulted in favor of Kavanagh under his agreement to purchase. Before the Statute of Uses it was well established, that where a feoffment was made, a fine levied, or a recovery suffered, without any consideration or declaration of the use, the use resulted to the party by whom the estate was conveyed. (Gilbert on Uses, ed. Sug. 117-18; 2 Shep. T. 521.) The legal ownership never was in Kavanagh, and the law, therefore, would not limit and adjudge the use to him, but to the person *394 who parted with the land. When the consideration money and interest were paid, a trust resulted in favor of Ivavanagh; but such trusts are exclusively within the jurisdiction of a Court of Equity.
It is only on legal estates that legal process can operate, and the facts of this ease show, that the legal estate has never been in Kavanagh. Eor the purposes of the trusts declared in the deed of 11th September, 1851, it is necessary that it shall remain in Coghlan. Admitting that it was in him, it was insisted in argument that under the tenth section of the Statute of Frauds, he was seised or possessed of such a trust as may be taken in execution for Kavanagh’s debts. By the Statute of 1 Rich. III. ch. 1, uses were held to be extendable upon statute staple or merchant, and by the 19 H. 7, ch. 15, the lands of the cestui que use were made liable to execution for his debts, due by judgment. After the Statute of Uses this statute was held obsolete; and when uses were revived under the name of trusts, it was held by analogy to the old law of uses, that trust estates of inheritance were not subject to debts, nor were they assets in the hands of the heirs of the debtors. (Willis on Trustees, 115.) This led to the provision made by the tenth section of the Statute of Frauds, (2 Stat. 525,) applying to trusts the language of the Statute of 19 H. 7, respecting uses, —“ That it shall and may be lawful for every sheriff or other officer, to whom any writ or precept shall be directed, upon any judgment, statute, or recognizance, to do, make, and deliver execution unto the party in that behalf suing, of all such lands, tenements, rectories, tithes, rents, and hereditaments as any other person or persons be in any manner or wise seised or possessed, or thereafter shall be seised or possessed in trust for him, against whom execution is so sued, like as the sheriff or other officer might or ought to have done, if the said party against whom thereafter execution should be so sued, had been seized of such lands, &c., of such estate as they be seised of in trust at the time of the said execution sued, which lands, &c.} *395 by force and. virtue of such execution, shall accordingly be held and enjoyed freed and discharged from all incumbrances of such person or persons as shall be so seised or possessed in trust for the person against whom such execution shall be sued,” &c. In Doe vs. Greenhill, (4 Barn. & A. 684,) Abbott, O. J., defining the trusts embraced in this statute says, “ We think that the trust that is to be thus treated must be a clear and simple trust, for the benefit of the debtor; the object of the statute appearing to us to be, merely to remove the technical objection arising from the interest in land being legally vested in another person, where it is so vested for the benefit of the debtor.” Coghlan was not seised and possessed in trust for Kavanagh. Spain’s deed passes the fee without any declarations of trust whatever. When the balance of the purchase money was paid, according to the agreement of the parties, testified by the paper dated the 11th July, 1850, Coghlan may have been regarded as a trustee by implication, and bound “ to make such deed of conveyance as Kavanagh may directbut the land was not simply vested in him upon trust for Kavanagh solely, which would constitute a clear and simple trust, and be subject to legal process under the provisions of the statute. If any trust did arise in favor of Kavanagh, it was a resulting or constructive trust, which is an equitable right, and not liable to levy and sale -under a writ of fieri facias. (Harrison vs. Hollis, 2 N. & McC. 578; Bauskett vs. Holsonback, 2 Rich. 624.)
By the paper, dated 11th September, 1851, Kavanagh had an estate for life, in remainder, upon his surviving the determination of his wife’s separate life estate; and it has been argued, that this estate may be'seised and sold under execution. It has been held, that a vested remainder in fee in lands may be levied on and sold during the continuance of a life estate, because, says Johnson, J., the terms “ houses, lands, and other hereditaments and real estates,” cover every vested interest. (Harrison vs. Maxwell, 2 N. & McC. 347.) In that case the fee simple of the land was vested in remainder, and I am not *396 prepared to admit, (if it were necessary to consider tbe question,) that the lien of a judgment attaches on a vested remainder in freehold, the possession of which the priority of other estates may entirely defeat, and that such a remainder is liable to levy and sale under execution. Perhaps a more satisfactory answer to the argument is, that the legal estate was in Coghlan, and, for the purposes of the trusts, remains in him; that no use was executed by the Statute of Uses, which is liable to legal process for the satisfaction of Kavanagh’s debts, and that he had not such a trust as is made subject to execution by the tenth section of the Statute of Frauds.
Conceding that the plaintiff acquired the life estate of Kavanagh in remainder by the sheriff’s deed, he can have no right of possession until the determination of Mrs. Kavanagh’s separate life estate, and consequently, until her death he cannot maintain an action to try titles and recover the immediate possession, which is in the trustee as legal owner. Even the cestui que trust in possession can only be regarded as the tenant at will of the trustee.
We are all of opinion, that the-lot of land, levied on and sold by the sheriff of Sumter District as the property of Bryant Kavanagh, was not liable to levy and sale as his property, under a writ of fieri facias.
JohnstoN, Dunkiít, Dargaw, and Wardlaw, CC., and O’Neall, Wardlaw, Withers, WhitNer, and MüNRO, JJ., concurred.
It is, therefore, ordered that the motion for a new trial be granted.

Motion granted.